NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ANGEL JOY MATTSON,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant - Appellee.

No. 12-35167

D.C. No. 6:11-cv-00241-HO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 10, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

    Angel Mattson appeals the denial of her application for Supplemental

Security Income ("SSI"). The administrative law judge ("ALJ") found that while

Mattson had some severe physical and mental impairments, she could still perform

a limited range of light work. We have jurisdiction pursuant to 28 U.S.C. § 1291,

---

      * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and we reverse and remand to the Social Security Agency for calculation of benefits.

In general, the opinion of a treating physician is afforded more weight than that of a non-treating physician. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."). Even if a treating physician's opinion "is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Margoles, Mattson's treating physician, diagnosed Mattson with severe degenerative disc disease at L5-S1, C5-7 with foraminal narrowing, and arthrosis in C2-4; Dupuytren's contractures; low intellectual functioning; and difficulty understanding and carrying out regular detailed instructions. Dr. Margoles concluded that: (1) Mattson is capable of performing no more than part-time, low-stress work; (2) Mattson is limited to less than four hours of standing and walking in an eight-hour day; (3) she is limited to four-to-six hours of sitting in an eight-hour day; (4) Mattson must be allowed to shift positions from sitting to walking or standing every one to two hours; (5) she will not be able to perform any more than

2

five hours per day in work or work-like activities; and (6) she requires a job that allows her to take rests as necessary and take unscheduled absences twice a month.

As Mattson's treating physician for four years, Dr. Margoles is especially qualified "to form an overall conclusion as to [Mattson's] functional capacities and limitations." *Lester*, 81 F.3d at 833. Nevertheless, the ALJ relied on the opinions of examining and non-examining physicians, who examined Mattson or reviewed her medical records at the request of the Social Security Administration, to find that Mattson could still perform a limited range of light work. In contrast, the ALJ discounted treating physician Dr. Margoles's opinion. The ALJ cited only some of Dr. Margoles's treatment notes and found that the medical reports prepared by Dr. Margoles "fail[ed] to reveal the type of significant clinical and laboratory findings that would support" Dr. Margoles's opinion that Mattson was unable to work. In light of the fact that Dr. Margoles's opinion was based on four years of consistent treatment of Mattson, along with x-rays and other clinical evidence, the ALJ's reference to a small number of treatment notes is not a specific and legitimate reason, supported by substantial evidence, for discounting Dr. Margoles's opinion.

Because the ALJ failed to provide adequate reasons for rejecting the treating physician's opinion, we credit that opinion as a matter of law. *Lester,* 81 F.3d at 834. Dr. Margoles's opinion, when properly credited, requires the ALJ to find

Mattson disabled. Thus, we remand for an award of benefits because "(1) the ALJ has failed to provide legally sufficient reasons for rejecting the [treating physician's opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were [the treating physician's opinion] credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

We therefore reverse the ALJ's finding that Mattson was not disabled and remand to the district court with instructions to remand to the Commissioner for the calculation of SSI benefits.

**REVERSED AND REMANDED.**